Victoria L. Nelson, Chapter 7 Trustee
Email: trustee@nelsonhoumand.com
1180 N. Town Center Drive, Suite 100
Las Vegas, NV 89144
Telephone:  (702) 720-3370
Facsimile:  (702) 720-3371

*Electronically Filed On: August 9, 2017*

*Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>PARNELL COLVIN,<br><br>   Debtor. | Case No. BK-S-17-10614-MKN<br>Chapter 7<br><br>**MOTION TO DISMISS BANKRUPTCY CASE PURSUANT TO 11 U.S.C. § 707(a) OR, IN THE ALTERNATIVE, MOTION TO EXTEND DEADLINE TO OBJECT TO DISCHARGE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 4004**<br><br>Date of Hearing:  September 14, 2017<br>Time of Hearing:  11:00 a.m.<br>Place: Courtroom No. 2, Third Floor<br>         Foley Federal Building<br>         300 Las Vegas Blvd., S.<br>         Las Vegas, NV 89101<br><br>Judge: Honorable Mike K. Nakagawa |

VICTORIA L. NELSON, the appointed Chapter 7 Trustee in the above-captioned bankruptcy case (the "Trustee") hereby files this *Motion to Dismiss Bankruptcy Case Pursuant to 11 U.S.C. § 707(a) or, in the Alternative, Motion to Extend Deadline to Object to Discharge Pursuant to Federal Rule of Bankruptcy Procedure 4004* (the "Motion").[1]

. . .

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

-1-

The Motion is based on the following Memorandum of Points and Authorities, and the *Declaration of Victoria L. Nelson In Support of Motion to Dismiss Bankruptcy Case Pursuant to 11 U.S.C. § 707(a) or, in the Alternative, Motion to Extend Deadline to Object to Discharge Pursuant to Federal Rule of Bankruptcy Procedure 4004* (the "Nelson Declaration"), which is filed separately and concurrently with this Court pursuant to Local Rule 9014(c)(2). The Motion is further based on the papers and pleadings on file in this case, and such other evidence that may be presented to the Court at the hearing on the Motion.[2]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION AND VENUE

The Court has jurisdiction over the bankruptcy case and the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9014.2, if the Court determines that absent consent of the parties the Court cannot enter final orders or judgment regarding the Motion consistent with Article III of the United States Constitution, the Trustee consents to entry of final orders and judgment by this Court. Venue before this Court is appropriate under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in the Motion herein are Section 707 and FRBP 4004.

### II. STATEMENT OF FACTS

1. On February 13, 2017 (the "Petition Date"), PARNELL COLVIN (the "Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code [ECF No. 1][3].

2. On February 13, 2017, the Trustee was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case.

3. The current deadline to object to the Debtor's discharge was May 23, 2017. *See* Nelson Declaration.

---

[2] The Trustee also requests that the Court take judicial notice of all pleadings filed in the above-captioned bankruptcy case, including adversary proceedings, pursuant to Rule of Evidence 201, incorporated by reference by Federal Rule of Bankruptcy Procedure 9017.

[3] All references to "ECF No." are to the numbers assigned to the documents filed in the above-captioned bankruptcy case as they appear on the docket maintained by the clerk of the court.

4. The Debtor has failed to attend several 341 hearing, March 24, 2017, May 5, 2017, May 19, 2017, June 30, 2017 and August 4, 2017.

### III. LEGAL ARGUMENT

**A.  Cause Exists to Dismiss the Debtor's Bankruptcy Case Under Section 707(a)**

Section 707(a) allows a bankruptcy case to be dismissed for "cause". *See* 11 U.S.C. §707(a). Although the Bankruptcy Code does not define "cause", Section 707(a) identifies the following situations under which the dismissal of a bankruptcy case is permitted:

> (1) Unreasonable delay by the debtor that is prejudicial to creditors;
>
> (2) Nonpayment of any fees or charges required under chapter 123 of title 28 and
>
> (3) Failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee.

11 U.S.C. §707(a)(1)-(3).

Here, the Debtor's bankruptcy case should be dismiss because Debtor has failed to attend a 341 meeting.

**B.  In the Alternative, the Deadline to Object to the Debtor's Discharge Should Be Extended for Sixty (60) Days Pursuant to FRBP 4004**

The initial deadline for parties to object to a debtor's bankruptcy case is sixty (60) days from the initial meeting of creditors. *See* FED. R. BANKR. P. 4004(a). The deadline to object to a debtor's discharge, however, can be extended for "cause" shown following a motion and hearing:

> (1) On motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge. Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired.

*See* FED. R. BANKR. P. 4004(b)(1).

In the event that the Court does not dismiss the Debtor's bankruptcy case, the deadline for the Trustee, the Office of the United States Trustee (the "U.S. Trustee"), creditors, and parties-in-interest to object to the Debtor's discharge should be extended for sixty (60) days from the entry

of the order granting the Motion. Such an extension will allow the Trustee with additional time to administer the Debtor's bankruptcy case and determine if there is cause to object to the Debtor's discharge. *See* 11 U.S.C. § 704(a)(6) (providing that a trustee shall "if advisable, oppose the discharge of the debtor").

### IV.    CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an Order: (1) dismissing the Debtor's bankruptcy case pursuant to Section 707(a) and (b) for such other relief as the Court deems just and proper under the circumstances.

In the alternative, the Trustee respectfully requests that the Court extend the deadline for the Trustee, the U.S. Trustee, creditors, and parties-in-interest to object to the Debtor's discharge for sixty (60) days from the entry of the Order granting this Motion.

Dated this 9th day of August, 2017.

**CHAPTER 7 TRUSTEE**

*/s/ Victoria L. Nelson*
Victoria L. Nelson, Chapter 7 Trustee
Email: trustee@nelsonhoumand.com
1180 N. Town Center Drive, Suite 100
Las Vegas, NV 89144
Telephone:    (702) 720-3370
Facsimile:    (702) 720-3371